# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MELISSA ANDERSON,

        **Plaintiff,**

v.                              **Case No:   6:16-cv-664-Orl-41GJK**

CONCEALMENT SOLUTIONS, INC.
and ANTHONY RAUNIKAR,

        **Defendants.**

---

## REPORT AND RECOMMENDATION

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COUNTERCLAIMS (Doc. No. 15)** |
| **FILED:** | **May 16, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED as unopposed**.

    On April 18, 2016, Melissa Anderson (the "Plaintiff") filed a complaint against Concealment Solutions, Inc. ("Concealment Solutions") and Anthony Raunikar (collectively, the "Defendants"), alleging violations of the minimum and overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, e.t. seq. (the "FLSA"), and a state law claim for breach of contract.   Doc. No. 1.   On May 10, 2016, Mr. Raunikar, appearing *pro se*, filed an Answer and Counterclaims (the "Counterclaims"), alleging breach of contract and unjust enrichment against Plaintiff.   Doc. No. 13 at 5-7.   On May 6, 2016, Plaintiff filed a Motion to Dismiss Counterclaims (the "Motion"), arguing that the Counterclaims should be dismissed under Rule 12(b)(6), Federal

Rules of Civil Procedure, for failing to state a claim upon which relief may be granted.   Doc. No. 15 at 1-4.   Plaintiff contends Mr. Raunikar's counterclaim for breach of contract should be dismissed because, pursuant to Florida's Statute of Frauds, § 725.01, Florida Statutes, the counterclaim is barred because it could not be performed within one (1) year and it was not reduced to writing.   Doc. No. 15 at 2-4.

Mr. Raunikar did not file a timely response to the Motion.   Accordingly, on June 6, 2016, the Court entered an order to show cause in writing why the Motion should not be granted as unopposed.   Doc. No. 18.   The Clerk sent a copy of the order to show cause to Mr. Raunikar by both Certified and Regular U.S. Mail, which was received on June 9, 2016.   Doc. No. 19.   On August 5, 2016, Mark O. Cook, Esq. filed a notice of appearance on behalf of the Defendants. Doc. No. 27.   Yet, to date, Mr. Raunikar has not file a response to the Motion or to the Court's order to show cause.   According, the undersigned finds that the Motion is unopposed.

Based on the foregoing, it is **RECOMMENDED** that:

1.  The Motion (Doc. No. 15) be **GRANTED as unopposed**; and

2.  Mr. Raunikar's counterclaim for breach of contract be **DISMISSED**.[1]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.   **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.**

---

[1] The Motion does not seek dismissal of Mr. Raunikar's counterclaim for unjust enrichment and, therefore, that claim should not be dismissed.   Doc. No. 15.

Recommended in Orlando, Florida on August 19, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy