**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MELISSA ANDERSON,

          Plaintiff,

-vs-                                  Case No. 6:16-cv-664-Orl-41GJK

CONCEALMENT SOLUTIONS, INC., and
ANTHONY RAUNIKAR,

          Defendants.

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPROVE SETTLEMENT (Doc. No. 80)** |
| **FILED:** | April 24, 2018 |
| | _____ |
| | It is **RECOMMENDED** that the motion be **GRANTED**. |

**I.    BACKGROUND.**

On April 18, 2016, Plaintiff Melissa Anderson filed a complaint alleging that Defendants Anthony Raunikar and Concealment Solutions, Inc., violated the Fair Labor Standards Act ("FLSA") by failing to pay her minimum and overtime wages and breached their contract by failing to reimburse Anderson for company expenses. Doc. No. 1. Anderson asks that the Court approve the settlement agreement (the "Agreement") between her and Raunikar (the "Motion").[1]

---

[1] The Agreement is between Anderson and Raunikar, and Concealment Solutions is not a party to it, but the Agreement does state that it is a full and complete resolution of the claims asserted in this case, and her limited release encompasses all claims she brought against Defendants in this case. Doc. No. 70-2 at ¶ 5; Doc. No. 79-1 at 4.

Doc. No. 80 at 5. Anderson only asks that the Court approve the Agreement and does not ask the Court to dismiss this action. Doc. No. 80.

**II.     LAW.**

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .").[2] In *Silva*, the Eleventh Circuit held:

---

[2] Unpublished decisions of the Eleventh Circuit are not binding, but are persuasive authority. 11th Cir. R. 36-2.

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id*. at 351-52. For the Court to determine whether the proposed settlement is reasonable, counsel for the claimant must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See id*. As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how the settlement proceeds are divided as between a plaintiff and counsel. Where a plaintiff receives less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer that is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

To establish the reasonableness of the fees and costs to be paid, counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) a basis for why the hourly rate is reasonable; 5) the number of hours spent on each task; and 6) a precise statement of all costs and expenses incurred. Alternatively, if the parties represent that they negotiated the net settlement proceeds plaintiff will receive separately and apart from the attorney's fees and costs plaintiff's counsel will receive, the Court need not determine the reasonableness of fees using the lodestar method. *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   ANALYSIS.

#### A.   Settlement of Anderson's FLSA Claims.

Anderson averred that the total amount of unpaid and overtime wages owed to her is $44,432.97, and that her liquidated damages are $88,865.97. Doc. No. 20 at 7. It appears that under the Agreement, Raunikar paid $7,200 on December 7, 2017, Doc. No. 79 at ¶ 1, and Anderson received a promissory note for another $3,500 from Raunikar, Doc. No. 79-1. Under the Promissory Note, the principal amount is due in six equal monthly installments beginning on February 1, 2018, and the Promissory Note bears interest at six percent compounded annually.

Doc. No. 79-1 at 5. Thus, under the Promissory Note, including interest, Anderson is due to receive $3,603.47. Doc. No. 79-1 at 5. According to the Settlement Statement attached to Anderson's original motion to approve the Agreement, Anderson is to receive $2,800.09 immediately, which, added to the amount due under the Promissory Note, comes to a total of $6,403.56 that Anderson will receive.[5] Doc. No. 66-4. As this is far less than the amount of damages Anderson averred she was entitled to, Anderson's claims are compromised. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*").

The case involves a bona fide dispute regarding Anderson's FLSA claims. Doc. No. 1 at 8-15; Doc. No. 13. Anderson decided to settle the dispute to avoid the risk of litigation and in light of her knowledge about the Defendants' finances. Doc. No. 80 at 2-4. Additionally, Anderson received a promise from Raunikar that her image would no longer be used in Raunikar's "product, merchandise, goods, services, or other commercial, or non-commercial activities of any kind whatsoever." Doc. No. 79-2 at 1. Considering the foregoing, and the strong presumption favoring settlement, the undersigned finds the settlement amount to be fair and reasonable.

### B.     Attorney's Fees and Costs.

Although not a part of the Agreement, the Settlement Statement shows Anderson's counsel retaining $3,566.31, Doc. No. 66-4, as attorney's fees, which represents approximately

---

[5] Anderson states that she received payments under the Promissory Note. Doc. No. 79 at ¶ 2.

one-third of the amount Raunikar will pay under the Agreement. In an attachment to Anderson's Affidavit, she asks that the Court also approve costs of $841.96, Doc. No. 79 at ¶ 5.

The Motion and its attachments do not reflect that the attorney's fees and costs were determined independently from the amount to be paid to Anderson. Thus, the reasonableness of the settlement cannot be approved on its face, but must be carefully scrutinized using the lodestar analysis. *See Bonetti*, 715 F. Supp. 2d at 1228.

In the Affidavit of Attorney's Fees and Costs, counsel states that he expended 64.89 hours of work on the case, and his hourly rate for similar matters is $250. Doc. No. 71 at ¶ 3. He also states that his paralegal expended 11.05 hours, and her hourly rate for similar matters is $125 per hour. *Id.* at ¶ 4. Counsel submitted detailed time sheets supporting the hours worked. Doc. No. 71-1; Doc. No. 71-2. Thus, counsel has submitted evidence showing that the attorney's fees in this case would amount to $17,603.75 if billed per hour. Counsel also submitted a detailed list of costs totaling $841.96. Doc. No. 79-3. Plaintiff's support for the amount of fees and costs to be paid establishes that they are reasonable.

### IV.   CONCLUSION.

Based on the foregoing, it is **RECOMMENDED** that the Court enter an order **GRANTING** the Motion (Doc. No. 80).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To**

**expedite the final disposition of this matter, if the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

**DONE and ORDERED** in Orlando, Florida, on April 27, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties